SARAH R. RYAN, PLAINTIFF-APPELLANT. v. FANNIE MOR-
RIS AND FREDERICK LUMBREYER, DEFENDANTS-
RESPONDENTS.

Submitted July 7, 1913—Decided November 17, 1913.

A deed in an action of ejectment having been correctly construed by
the trial court, and there being no disputed fact, the court prop-
erly directed a verdict for the defendants.

On appeal from the Supreme Court.

For the appellant, *Roberson & Demarest* and *Merritt Lane.*

For the respondents, *Edward S. Holman* and *Randolph Perkins.*

The opinion of the court was delivered by

VOORHEES, J.   Sarah R. Ryan brought a suit in ejectment
for a small tract of land, claiming title thereto under a deed
given by Cathalina Mead to her, dated January 5th, 1912.
The defendant claimed title under the Vredenburgh deed
dated February 19th, 1912, Vredenburgh having acquired title
from Cathalina Mead, June 9th, 1908. Upon this statement
of facts the court directed a verdict for the defendant.

It would appear that the deed to Vredenburgh conveyed
three tracts of land. The first tract has an exception de-
scribed in brackets. The second tract is said to be the same
tract that was thus excepted from the first tract. The third
tract has no connection with this suit.

I cannot see that there is any doubt about the part included
in brackets being an exception, and that the second tract
was an additional tract conveyed by the same deed, and is the
same as that excepted from the first tract.

The second tract begins: "And also all that certain strip
of land," &c. This shows that it is an additional conveyance.

The history of the title also shows that this was intended to be conveyed in the way that we have described it. The court held that the first deed 'took the property, and I do not see that there is any fact for the jury to consider, and hence the ordering of the verdict for the defendant was a proper exercise of its power. Cathalina Mead, it will be seen, is a common grantor, and the language in the deed to her is precisely the same as that in her deed to Vredenburgh, so that if under her deed to him the title to the ten feet did not pass, she then has no title to that ten feet to recover. In other words, if Vredenburgh was subject to the reservation, so was that of the plaintiff's grantor, and she must recover on the strength of her title, and not on the weakness of the defendant's.

The trial court decided properly, and as there was nothing to submit to the jury 'it properly directed a verdict for the defendants.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ.    13.

*For reversal*—None.